## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO. 10-22711-CV-KING

MARK ROBERT RIDLEY, as Personal
Representative of the Estate of MILDRED
RIDLEY, deceased, and ROBERT RIDLEY,
as beneficiary

       Plaintiffs,

v.

NCL (BAHAMAS) LTD., JENS HERTIG,
PH.D., and STEFAN HOFVENDAHL, M.D.

       Defendants.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant NCL (Bahamas) Ltd.'s Motion to

Dismiss (DE #7), filed August 25, 2010.[1]  Plaintiffs' Complaint (DE #1) seeks recovery for the

death of Mildred Riley, asserting that she was diagnosed as suffering from bilateral pneumonia

while sailing as a passenger aboard the Norwegian Pearl.  She was air-lifted from the Norwegian

Pearl after her diagnosis and eventually taken to Miami for treatment, where she passed away

less than a week later.  The Complaint does not detail certain facts (i.e., where the Norwegian

Pearl was located at the time of the air-lift or where Defendant NCL's negligent actions

occurred), the omission of which is critical to Defendant NCL's Motion to Dismiss.  Plaintiffs

now seek to recover against both the cruise line and the individual ship doctors.  Defendant NCL

states numerous grounds for dismissal of Plaintiffs' six-count Complaint (DE #1), filed July 27,

---

[1] Defendant's Motion to Dismiss has been amply briefed, as Plaintiffs filed a Response  (DE #18) on September 28, 2010, to which Defendant filed its own Reply (DE #19) on October 8, 2010.

2010. After careful consideration and for the reasons set forth below, the Court determines that the motion should be granted.

## I.    Background

Robert Ridley and his wife, Mildred Ridley, entered into a written contract with Defendant NCL for a five-day cruise on the Norwegian Pearl from April 12, 2009 to April 17, 2009. Compl. ¶1. The Ridleys embarked on the cruise as scheduled and experienced no difficulties until April 16, 2009, when Mrs. Ridley visited the ship's infirmary for medical services. Compl. ¶4. At that time, she was diagnosed by Defendants Hertig and Hofvendahl with bilateral pneumonia and "provided with minimal treatment."[2] Compl. ¶¶5-6. One day later, Mrs. Ridley went into respiratory failure and was air-lifted from an undisclosed location by the U.S. Coast Guard to the Lower Keys Memorial Hospital in Key West, Florida. Compl. ¶7. She was later transferred to Baptist Memorial Hospital in Miami, where she passed away on April 23, 2009.

Mrs. Ridley's Estate's Personal Representative, Mark Robert Ridley, and Robert Ridley, her husband and beneficiary, subsequently filed suit. As stated above, their Complaint purports to state six causes of action. Those six causes of action include one for negligence (Counts I and V);[3] vicarious liability (Counts II and III); and loss of consortium (Counts IV and VI), against all three Defendants. Defendant NCL moves to dismiss only the four claims relevant to its own liability: Counts I-III, and Count VI.

---

[2] Plaintiffs allege that Defendants Hertig and Hofvendahl were at all relevant times "employed as medical personnel on the subject vessel and are agents and employees of Defendant NCL." Compl. ¶¶ 11, 14, 18, 19, 20.

[3] Plaintiffs assert 41 different negligent actions by Defendants Hertig and Hofvendahl. Compl. ¶37. Primarily, those alleged negligent actions pertain to the general oversight of medical procedures aboard the Norwegian Pearl, as well as specific oversight regarding Mrs. Ridley's treatment.

## II.   Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed if the facts as pleaded fail to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688 (1973)). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

## III.   Discussion

As alluded to above, Defendant NCL states numerous grounds for dismissal of the instant action: 1) dismissal of Plaintiffs' negligence claim, Count I, since Defendant owed no duty to Plaintiff; 2) insufficient allegations to support a claim against Defendant NCL for negligent hiring under Count I; 3) improper claims for vicarious liability in Counts II and III, where general maritime law does not permit such actions; 4) claims barred by the Death on the High Seas Act, 46 U.S.C. § 761; 5) lack of standing on the part of Robert Ridley; and 6) loss of consortium is not a recognized claim under general maritime law.

At the outset, it is conceded by all parties to this action that this Court has jurisdiction over the claims raised by Plaintiffs' Complaint because of the Court's admiralty jurisdiction.[4] As such, each of Defendant's arguments will be addressed in the context of general admiralty law.

### A. Death on High Seas Act and Florida's Wrongful Death Act

Because Defendant's claims regarding the application of the Death on the High Seas Act would bar Plaintiff's claims, this Court finds it appropriate to discuss at the outset. Defendant claims that the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302, is the sole remedy available to Plaintiffs, necessitating dismissal of Plaintiff's Complaint. According to its terms, DOHSA is applicable "whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any state." 46 U.S.C. § 761. In relevant part, the statute states the following:

> Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

The Eleventh Circuit has consistently interpreted DOHSA as applying to maritime incidents occurring within the territorial waters of foreign states. *Sanchez v. Loffland Bros. Co.*, 626 F.2d

---

[4] Indeed, the first test for determining whether admiralty jurisdiction exists was enunciated in *The Plymouth*, 3 Wall (70 U.S.) 20, 35-36 (1866), which stated in relevant part that "the wrong complaint of must have been committed wholly upon the high seas or navigable waters, or, at least, the substance and consummation of the same must have taken place upon these waters to be within the admiralty jurisdiction ..." Although this test was later amended by the United States Supreme Court in *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 240 (1972) to require a maritime nexus, *id.* at 268, there is no doubt that allegations involving negligence aboard a cruise ship – whether docked or otherwise – are controlled by admiralty law. *See Moyer*, 645 F. Supp. at 626-27.

1228 (5th Cir. 1980);[5] *Moyer*, 645 F. Supp. at 623-24.  Courts from other circuits have applied

DOHSA is similar circumstances.  *See also Howard v. Crystal Cruises, Inc.*, 41 F.3d 527, 529-30

(9th Cir. 1994) (applying DOHSA to a death which occurred within Mexico's territorial waters);

*Motts v. M/V Green Wave,* 210 F. 3d 565, 569-70 (5th Cir. 2000) (recognizing application of

DOHSA); *Cormier v. Williams/Sedco/Horns Constructors*, 460 F. Supp. 1010 (E.D. La. 1978)

(applying DOHSA to accident occurring in navigable river in Peru); *Kuntz v. Windjammer*

*"Barefoot" Cruises, Ltd.*, 573 F. Supp. 1277 (W.D. Pa. 1983) (applying DOHSA to claim

resulting from scuba death in Bahamas).

Moreover, it is well settled that DOHSA preempts conflicting state wrongful death

statutes, *see Offshore Logistics v. Tallentine*, 477 U.S. 207, 227 (1986), and makes the federal

Act the exclusive remedy.  *See also Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir. 1982) ("Where

a cause of action exists for wrongful death under [the federal Act], no additional action exists

under general maritime law for wrongful death"); *Hughes v. Unitech Aircraft Servs.*, 662 So. 2d

999, 1001 (Fla. 4th DCA 1995) (recognizing preemption of claims under Florida's Wrongful

Death Act); *Bailey v. Carnival Cruise Lines, Inc.*, 448 So.2 d 1090, 1091 (Fla. 3d DCA 1984)

(recognizing federal Act as exclusive remedy).

By its express terms, DOHSA does not permit the award of non-pecuniary damages.  46

U.S.C. § 762.  *See also Sanchez*, 626 F. 2d at 1230 ("DOHSA specifically limits rcoverable

damages to those pecuniary in nature.").

Both sides seemingly concede that DOHSA bars any claims for wrongful death if the

relevant actions occurred beyond American territorial waters.  46 U.S.C. § 761; *Compl. of Am.*

*Dredging Co.*, 873 F. Supp. 1539, 1546 n.6.  Yet, the parties dispute whether there are sufficient

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted all Fifth Circuit case law prior to September 30, 1981 as binding on the Eleventh Circuit.

allegations in the Complaint to make this determination. Defendant, going beyond the four corners of the Complaint, claims that Mrs. Ridley was "first seen at the ship's medical facility while the ship was in port in Cozumel, Mexico." (DE #7 at 11 n.4). However, the Complaint contains no such factual allegations. Instead, Plaintiff's Complaint is silent as to the location of the pertinent actions here. On those grounds, Plaintiffs contend dismissal of this action is inappropriate: they state that, because the Complaint did not state where those allegedly negligent actions took place, dismissal is inappropriate. Because the relevant actions *could* have occurred in territorial waters under Plaintiffs' reasoning, Plaintiffs' reasonsing goes, DOHSA *may* not apply.[6] (DE #18 at 8-9).

Although it is well recognized in this Circuit and elsewhere that a plaintiff is master of his claim, *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), where essential facts are required to be alleged, a plaintiff may not elude federal jurisdiction by omitting those facts. Here, whether DOHSA applies to the claims raised by Plaintiffs will be determined by the location of the allegedly negligent actions taken by Defendant NCL. As such, this Court will grant Defendant's motion to dismiss to require Plaintiffs to re-allege where the actual negligent actions took place in this instance; doing so will ensure judicial efficiency and conserve the parties' resources, as the application of DOHSA will have a substantial impact upon this matter's litigation.[7]

---

[6] Plaintiffs also argue that Mrs. Ridley's actual injury was her resulting death, which occurred on land as alleged in the Complaint. (DE #18 at 9). Nonetheless, ample case law demonstrates that where, as here, a plaintiff alleges negligent actions aboard a cruise ship that purportedly result in the death of an individual, the actual injury is caused by the negligent actions, not the actual death. *See Moyer v. Klosters Rederi*, 645 F. Supp. 620 (S.D. Fla. 1986) (actual injury occurred on water, regardless of later subsequent and related death on land); *Motts v. M/V Green Wave*, 210 F.3d 565 (5th Cir. 2000) (applying Death on High Seas Act where individual died on land three weeks after suffering injury on high seas); *Public Administrator of the County of New York v. Angela Compania Naviera, S.A.*, 592 F.2d 58 (2d Cir. 1979) (same). Therefore, as a matter of law this Court determines that the location of the negligent actions controls the application of the Death on High Seas Act. Accord *Moyer*, 645 F. Supp. at 623.

[7] While this result is different from Judge Marcus's decision in *Moyer* to await summary judgment before ruling on the applicability of DOHSA, *see Moyer*, 645 F. Supp. at 621, nonetheless the Court determines that requiring

### B. Duty of Defendant NCL

Secondarily, Defendant NCL claims that it owed no duty to Mrs. Ridley under general maritime law and that dismissal of Count I of Plaintiff's Complaint is therefore appropriate.[8]   In support, Defendant cites *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir. 1984), and *Barbetta v. S/S Bermuda Star*, 848 F. 2d 1364 (5th Cir. 1988), both of which Defendant claim hold that a shipowner has no duty to provide medical care to its passengers. (DE #7).

The Court finds that Defendant misconstrues those cases.  Those cases do not support the claim that a shipowner is free of any duty to a passenger, but instead that a duty only applies in limited circumstances.  For example, *Kornberg* contains no support for Defendant's statement that "[a] shipowner has no duty to insure the health or safety of its passengers."  (DE #7 at 3). Instead, it recognizes a special duty owed by ship carriers to their passengers, including ensuring comforts, convenience, and sanitation. *Id.* at 1334.  Similarly, *Barbetta* recognizes that, while a ship need not employ a doctor, if it elects to do so that doctor must be competent and duly qualified. *Barbetta*, 848 F. 2d at 1368-69.

As such, Defendant's claim that it cannot be liable for negligence is incorrect.  Eleventh Circuit case law and those of its sister circuits recognize that a ship carrier may be held liable for its action under certain circumstances.  Here, Defendant NCL was obligated to ensure that the doctors it hired were both competent and duly qualified, *see Barbetta*, 848 F.2d at 1369, even if Defendant NCL cannot be held liable for the doctor's own negligence in treating a passenger. *Id.* At least one of Plaintiffs' allegations pertains to the competence and qualifications of the doctors

---

Plaintiff to plead the location of Defendant NCL's allegedly negligent actions will prevent unnecessary litigation in the event that DOHSA applies.

[8] Count I, as noted above, states over forty ways in which Defendant NCL had been negligent, although it is noteworthy that only a few of those allegations refer to Defendant NCL's negligence as opposed to the purported negligence of Defendants Hertig or Hofvendahl.  (DE #1 at ¶37(m)).

hired by Defendant NCL. Specifically, Paragraph 37(m) of the Complaint identifies a duty owed by Defendant NCL to its passengers, alleging that Defendant NCL "negligently failed to properly investigate … the medical training of the Doctors on board the Pearl." Every other purportedly negligent action attributed to Defendant NCL instead relates to the actions taken by Defendant doctors Hertig and Hofvendahl. As noted above, those negligent actions cannot be attributed to Defendant NCL. *See Barbetta*, 848 F.2d at 1368-69; *Hesterly v. Royal Carribean Cruises, Ltd.*, 515 F. Supp. 2d 1278 (S.D. Fla. 2007) (dismissing allegations against ship owner where complaint improperly attributed duty to defendant ship owner). As such, dismissal of all allegations of negligence attributed to Defendant NCL in Count I with the exception of those allegations limited to hiring of qualified and competent ship's doctors is appropriate.

C. Vicarious Liability of Defendant NCL

Defendant also moves to dismiss Counts II and III on the grounds that a claim for vicarious liability is not permitted in the context of actions taken by shipboard doctors.[9] (DE #7 at 6-9). Plaintiffs counter that dismissal is inappropriate because they alleged actual and/or apparent agency of the two doctor Defendants on Defendant NCL's behalf. (DE #18) (citing DE #1 at ¶¶ 10, 11, 13, 15, 18-23). Plaintiffs seek to support their position by citing to a case decided in the Southern District of Florida several years ago: *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367 (S.D. Fla. 2005), which they claim permits vicarious liability if the ship owner exercises actual control over the doctor-patient relationship. (DE #18 at 7).

It is well recognized that a cruise line cannot be vicariously liable for the negligence of its ship's doctor in the care and treatment of passengers. *Hesterly*, 515 F. Supp. at 1284; *Barbetta*, 848 F.2d at 1368-60. Moreover, as has been noted before by this very Court, as a matter of law

---

[9] Those counts purport to state a cause of action against Defendant NCL for the actions of Jens Hertig, Ph.D. (Count II) and Stefan Hofvendahl (Count III).

"[s]hip owners have no control over a ship doctor's medical activity, for they lack the expertise." *Mascolo v. Costa Crociere, S.p.A.*, 726 F. Supp. 1285, 1286 (S.D. Fla. 1989) (King, J.). Certainly where there are no indicia of actual or apparent agency, permitting a ship owner to be liable for the act of its ship doctors would be contrary to settled law.

Here, the Court finds Plaintiff cannot allege actual agency and has failed to adequately allege apparent agency. Indeed, in the very case cited by Plaintiffs, the court held that actual agency is inapplicable in instances such as this one. *See Doonan*, 404 F. Supp. 2d at 1370-71. Similarly, it held that apparent agency,[10] although normally a question of fact, requires certain allegations pertinent to actual control. *Id.* at 1372-73. Namely, where the plaintiff in that case had alleged that the ship's doctor had worn a ship uniform, ate with the ship's crew, was held out to the passengers as an officer, and was addressed as an officer, indicia of apparent agency were found. *Id.* Notwithstanding Plaintiffs' assertion to the contrary, no such allegations are present in the instant Complaint. Instead, they broadly claim that the doctor Defendants were "apparent agents of NCL and had authority to act for its benefit." Compl. ¶14. Such naked allegations are insufficient to support a claim for vicarious liability. As such, any claims for vicarious liability against Defendant NCL must be dismissed.

D.  Robert Ridley: Standing & Loss of Consortium

Defendant NCL argues that, under general maritime law, "only the personal representative of the estate of the decedent has standing to bring a claim for wrongful death" and cites *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1041 (11th Cir. 1996) in support. In response, Plaintiffs claim that, while there may be no standing for Robert Ridley to bring claims under general maritime law, the Florida Wrongful Death Act permits beneficiaries like Mr.

---

[10] This Court takes no position on the viability of a claim of apparent agency in this context.

Ridley to sue on their own behalf. *See Perkins v. Variety Children's Hosp.*, 413 So. 2d 760, 761 (Fla. 3d DCA 1982).

It is clear that general maritime law and Florida law limit recovery for wrongful death to the personal representative. Plaintiffs' claim that Florida law permits a beneficiary to institute suit on its own behalf in this context finds no basis in law. *See* Fla. Stat. § 768.20 ("The [wrongful death] action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages ... caused by the injury resulting in death"). *See also Carletta*, 86 F.3d at 1041 (same). Instead, the pertinent Florida statute states that the personal representative of an estate shall recover for the benefit of all survivors. Therefore, there is no individual right to recovery by an estate's beneficiaries even where, as here, one of those beneficiaries is the former spouse of the decedent.

Lastly, Defendant also argues that a claim for loss of consortium is not recognized under general maritime law. *See In re Amtrak "Sunset Limited" Train Crash*, 121 F.3d 1421 (11th Cir. 1997) (recognizing no cause of action for loss of consortium in maritime law); *Lollie v. Brown Marine Servs., Inc.*, 995 F.2d 1565 (11th Cir. 1993) (same). Plaintiffs argue otherwise in their brief, claiming that Florida's Wrongful Death Act permits a claim for loss of consortium. (DE #18 at 3-4).

Plaintiffs misinterpret controlling law. There is no doubt that, under Eleventh Circuit precedent, loss of consortium is not permitted under general maritime law. *See Lollie*, 995 F.2d at 1565; *In re Amtrak*, 121 F.3d at 1427-28. As such, Count VI of Plaintiffs' Complaint must be dismissed with prejudice.

## IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion to Dismiss (DE #7) be, and the same is, hereby **GRANTED.**

2. Plaintiff Mark Robert Ridley, as Personal Representative of the Estate of Mildred Ridley, shall **FILE** an amended complaint, consistent with this Order, **within ten days** of the date of this Order.

3. Plaintiff Robert Ridley, beneficiary, is **DISMISSED with prejudice** from this action for lack of standing.

4. Count VI of Plaintiff's Complaint is **DISMISSED with prejudice.**

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 13th day of October, 2010.

HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:
**Counsel for Plaintiffs**
**Anne Catherine Sullivan**
Gaebe Mullen Antonelli & Dimatteo
420 S Dixie Highway
3rd Floor
Coral Gables, FL 33146
305-667-0223
Fax: 284-9844
Email: asullivan@gaebemullen.com

**Michael Andrew Mullen**
Gaebe Mullen Antonelli & Dimatteo
420 S Dixie Highway
3rd Floor
Coral Gables, FL 33146
305-667-0223
Fax: 284-9844
Email: jlopez@gaebemullen.com

**Counsel for Defendant NCL (Bahamas) Ltd.**
**Jeffrey Eric Foreman**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
305-358-6555
Fax: 374-9077
Email: jforeman@mflegal.com

**Brett Michael Berman**
Maltzman Foreman, P.A.
2 South Biscayne Boulevard
Suite 2300
Miami, FL 33131
(305) 904-5959
Email: bberman@mflegal.com

**Karina M. Cerda**
Maltzman Foreman, P.A.
One Biscayne Tower
Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
305-358-6555
Fax: 305-374-9077
Email: kcerda@mflegal.com